**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | | |
|---|---|---|
| **GEORGE FOLK, JR., individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO.: 2:26-cv-03631** |
| **CIGNA HEALTHCARE, INC. and CIGNA-EVERNORTH SERVICES, INC.,** | § § § | |
| **Defendants.** | § § | **Jury Trial Demanded** |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA") against Defendants Cigna Healthcare, Inc. and Cigna-Evernorth Services, Inc. ("Defendants"). Defendants instituted company-wide policies that failed to pay the Plaintiff and the Class Members for all hours worked. As a result of not paying for all hours worked, Defendants owe the Plaintiff and the Class Members substantial wages.

2.     Defendants' unlawful policies include (1) failing to compensate the Plaintiff and Class Members for their compensable preliminary activities, and (2) and instituting a policy of only paying for the time spent by customer service agents on active calls with customers instead of all time worked between the start and end of the workday, and (3) failing to include all non-discretionary payments in the calculation of the regular rate of pay.

3.     Consequently, Defendants' compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, to be compensated at

- 1 -

one and one-half times their regular rates of pay for each hour worked over 40 per week. *See* 29 U.S.C. § 207(a).

4.      Plaintiff brings this collective action to recover unpaid overtime wages owed to him individually and on behalf of all current and former customer service representatives of Defendants at any time during the three-year period prior to the filing of this Complaint.

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This court has federal question jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants maintain their headquarters in this District and the decision to pay Plaintiff and the Class Members in the illegal manner described in this Complaint was made in this District. Indeed, Defendants maintain their principal office at 1601 Chestnut St., Philadelphia, PA 19192, which is in this District.

## PARTIES AND PERSONAL JURISDICTION

7.      Plaintiff Folk, Jr. is an individual residing in Georgia.

8.      The Class Members are all of Defendants' current and former customer service representatives, and all employees in substantially similar positions, who worked at least one week during the three-year period prior to the filing of this Complaint to the present.

9.      Defendant Cigna Healthcare, Inc. is a foreign corporation that operates in the Commonwealth of Pennsylvania. Said Defendant can be served with process by serving its registered agent, CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia, PA 19102.

10.     Defendant Cigna-Evernorth Services, Inc. is a foreign corporation that operates in the Commonwealth of Pennsylvania. Said Defendant can be served with process by serving its registered agent, CT Corporation System, 1515 Market Street, Suite 1210, Philadelphia, PA 19102.

11.     This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business activities in the Commonwealth of Pennsylvania. First, Defendants maintain their principal place of business in the Commonwealth of Pennsylvania at 1601 Chestnut St., Philadelphia, PA 19192. Second, Defendants have established minimum contacts sufficient to confer jurisdiction over them, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendants is, therefore, consistent with the constitutional requirements of due process.

12.     Specifically, Defendants employ residents of Pennsylvania, own property in Pennsylvania, advertise in Pennsylvania, and maintain a business presence in Pennsylvania.

13.     Moreover, this claim arises out of decisions made by Defendants in Pennsylvania that resulted in the violation of the law asserted in this Complaint.

## COVERAGE

14.     At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

15.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

16.     At all material times, Defendants have had an annual gross business volume in excess of the statutory standard.

17.     At all material times, Plaintiff and Class Member were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

18.     For all intents and purposes, Defendants operate as the same company and operate as a single enterprise. Despite the corporate fragmentation, a "single enterprise" under the FLSA exists. *See Donovan v. Grim Hotel Co*., 747 F.2d 966 (5th Cir. 1984). The Defendants share the same officers and directors, such as Susan Metrow, Sarah Preston, and Elise Ryan. In fact, there is common ownership over the Defendants.

19.     The Defendants also perform related activities. That is, they operate a business that offers health insurance plans and products to people and businesses in the country. They have the same policies and procedures and use the same internal software. They operate under the same brand names of "Cigna" and "Cigna Healthcare." They advertise on the same website— https://www.cigna.com/. They provide the same service to customers, offering health insurance plans and products under a common business purpose.

20.     The Defendants also operate in a unified manner and under common control. They have the same accounting and payroll operations. They share control over hiring, firing, payroll, and overhead decisions.

21.     Furthermore, Defendants represent themselves to the general public as one business operating at multiple locations. They pool their resources and have common ownership. In fact, Defendants provide the same service to their customers.

22.     At all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc*., 23 F.3d 110, 113 (5th Cir.

- 4 -

1994). Based upon these facts, Defendants are joint employers and are jointly and severally liable for all wage and hour compliance, including the payment of overtime and minimum wage compensation. *See* 29 C.F.R. § 791.2(a); *Schultz v. Capital International Security, Inc.*, 466 F.3d 298, 306 (4th Cir. 2006).

23. Defendants are mere instrumentalities or alter egos of each other and each Defendant is vicariously liable for the violations committed by each other.

**FACTS**

24. Defendants sell insurance products and plans to customers across the U.S. Defendants' website states that: "We offer a wide range of insurance plans and products that focus on all aspects of your well-being." (https://www.cigna.com/, last visited May 26, 2027).

25. To provide these services, Defendants employ customer service representatives. These customer service representatives work across the country for Defendants.

26. Plaintiff worked for Defendants as a customer service representative from approximately September 2014 to August 2025. He was paid an hourly rate that was approximately $21.00 per hour. He worked a schedule that was five days a week for 40 hours per week. He worked overtime one more weeks for Defendants. In fact, he worked overtime hours during the pay period of Jun 8, 2025 to June 21, 2025.

27. Plaintiff's primary duty was to communicate with customers, record notes from speaking with customers, and to answer general questions for the customers of Defendants. He spoke with Defendants' customers throughout the workday for Defendants.

28. Like Plaintiff, Defendants paid their customer service representatives on an hourly basis.

29.     Like Plaintiff, Defendants classified their customer service representatives as not exempt from overtime.

30.     Defendants employe hundreds of customer service representatives nationwide.

31.     Unfortunately, Defendants did not pay for all hours worked by the Plaintiff and Class Members.

32.     Plaintiff and the Class Members were required to clock-in at their scheduled shift start time.

33.     However, prior to clocking-in, Plaintiff and the Class Members were required to open a series of computer programs that were necessary for them to perform their job duties. Plaintiff and the Class Members were required to have each of the computer programs open and running before they clocked in. If they failed to do so, they would be disciplined.

34.     In fact, Defendants required the Plaintiff and Class Members to be logged into all of their programs and ready to field calls at the time their scheduled shift began. Thus, the Plaintiff and Class Members had to do the necessary preliminary work prior to the start of their shift.

35.     Defendants ran productivity reports on the Plaintiff and Class Members to identify those employees who were not logged in at the appropriate time. The Plaintiff and Class Members were subject to discipline if they were not logged in and taking calls at their assigned time. However, they were not paid for this compensable pre-shift work. The time it took to log into the computer and open the computer programs prior to clocking in was approximately 15 to 30 minutes.

36.     The time spent to log into their work computer and open the required computer programs was necessary to ensure that Plaintiff and the Class Members could perform their job duties for Defendants in communicating with Defendants' customers.

37.     Without the computer and the required computer programs, the Plaintiff and Class Members could not do their job duties for Defendants. Indeed, the computer and the required programs were the essential tools that enabled Plaintiff and the Class Members to do their work for Defendants.

38.     Therefore, the time spent logging into the work computer and opening each of the required computer programs was integral and indispensable to the principal activity and primary job duty performed by the Plaintiffs and Class Members, which was to communicate with Defendants' customers, record notes from speaking with the customers, and to answer questions for Defendants' customers.

39.     Additionally, after being clocked in, the Plaintiff and Class Members were not paid for all of the time that they worked. They were only paid for the time spent in active calls with customers. Even though the Plaintiff and Class Members were clocked in, their time for pay purposes was only measured based upon the amount of time they spent communicating with customers. This pay practice is a per se violation of the law.

40.     By not paying for all time worked, Defendants violated the law. Thus, the Plaintiffs and Class Members are owed substantial wages for the time spent working each week that went unpaid.

41.     Moreover, Defendants issued a number of non-discretionary payments to the Plaintiff and Class Members. These non-discretionary payments include: (1) the Incentive Award, (2) the Eight to Grow bonus, (3) Shift Differentials, and (4) Standout Recognition bonus,

amongst other payments. However, these non-discretionary payments were not factored into the regular rate of pay for purposes of paying overtime. As a result, the overtime wage that Defendants paid was less than the law requires.

42.     These payments should have been factored into the regular rate of pay because the bonuses were non-discretionary. 29 C.F.R. § 778.207. Non-discretionary bonuses include those that are designed to encourage employees to work more steadily, rapidly, or efficiently. *Id*. Few bonuses are discretionary under the FLSA. *See* 29 C.F.R. 778.200; 778.208; 778.209.

43.     29 C.F.R. § 788.211 provides that if there is a prior agreement or notice in advance about the ability to earn the bonus, then the bonus is non-discretionary:

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a)the employer must retain discretion **both as to the fact of payment** and as to the **amount until a time quite close to the end of the period for which the bonus is paid**. The sum, if any, to be paid as a bonus is determined by the employer **without prior promise or agreement**. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it. **Thus, if an employer announces to his employees in January that he intends to pay them a bonus in June, he has thereby abandoned his discretion regarding the fact of payment by promising a bonus to his employees**.

29 C.F.R. § 788.211 (emphasis added).

44.     Payments that are intended to encourage the employee to work harder and serve as a reward for performance are non-discretionary. In such situations, the payments should be included in the regular rate of pay. *See* 29 C.F.R. § 778.212(b) ("If it is measured by hours worked, production, or efficiency, the payment is geared to wages and hours during the bonus period and is no longer to be considered as in the nature of a gift."). The federal regulations provide several examples of payments that must be included in the regular rate of pay:

> Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing

employment until the time the payment is to be made and the like are in this category. They must be included in the regular rate of pay.

29 C.F.R. § 778.211(c).

45. Here, the payments were non-discretionary because the Plaintiff and Class Members were told in advance that they would receive the payments if certain requirements were met. Further, the payments were designed to encourage the Plaintiff and Class Members to work harder and to serve as reward for their performance. Again, by not including these payments in the regular rate of pay, Defendants' violated the law.

46. Defendants' actions in this case were willful. Defendant knew the requirement to pay for all time worked and to pay overtime wages but intentionally and/or recklessly chose to disregard the law.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all customer service representatives during the three-year period prior to the filing of this Complaint to the present.

48. Plaintiff has actual knowledge, through conversations with other employees, that a class of similarly situated workers exists who have been denied pay by being subjected to the same illegal pay practices described above.

49. The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to Defendants' policies of not paying for all hours worked and not having their non-discretionary payments factored into their regular rates of pay for purposes of paying overtime wages.

50. Defendants use the same compensation structure regardless of the supervisor of a particular Class Member.

51.   All Class Members performed the same job functions.

52.   The names and address of the Class Members of the collective action are available from Defendants' records. The Class Members should be allowed to receive notice via First Class Mail, email, via text and via a website with basic information about the lawsuit or by use of techniques and a form of notice similar to those customarily used in representative actions.

53.   Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated using a simple formula.

54.   The class of similarly situated FLSA Class Members may be properly defined as follows:

> All current and former customer service representatives, and all employees in substantially similar positions, who worked at least one week during the three-year period prior to the filing of this Complaint to the present.

55.   Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

**CAUSE OF ACTION**
**Violation of 29 U.S.C. § 207**
**(Collective Action on Behalf of the FLSA Class Members)**

56.   Plaintiff incorporates all allegations contained in the paragraphs 24-46.

57.   Defendants' practice of failing to pay Plaintiff and the Class Members one and one-half times their regular rate of pay for all hours worked over 40 in a workweek violates the law. *See* 29 U.S.C. § 207.

58.   None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime are applicable to Defendants, Plaintiff, or the Class Members.

59.     Due to their violations of the FLSA, Defendants are liable to Plaintiff and the Class Members for their unpaid overtime, an equal amount as liquidated damages, attorneys' fees and court costs.

## PRAYER FOR RELIEF

60.     For these reasons, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class Members awarding them:

a.      All unpaid wages;

b.      Overtime compensation for all hour works in excess of 40 per week at the rate of one and one-half times their regular rates of pay;

c.      An equal amount of their unpaid wages as liquidated damages, as allowed under the FLSA;

d.      Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

e.      Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
PA Bar # 331609
**PARMET LAW PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone  215 486 0606
matt@parmet.law

**Don J. Foty**
Texas State Bar No. 24050022
(*seeking admission pro hac vice*)
**FOTY LAW GROUP, P.C.**
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
dfoty@hftrialfirm.com

**Attorneys for Plaintiff**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*

**Matthew S. Parmet**